IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB GAREY, JR.,

    Plaintiff,

v.                                                              No. CV 09-0551 RB/WPL

ANTHONY ROMERO, WARDEN, AND
GARY K. KING, ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint under 42 U.S.C. § 1983. Also before the Court is Plaintiff's motion for injunction (Doc. 16). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the motion will be denied without prejudice, and Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A complaint may be dismissed *sua*

*sponte* prior to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint, filed on June 2, 2009, asserts claims of alleged constitutional violations against Plaintiff in two state criminal proceedings, Nos. CR-99-410 and CR-01-159. Specifically, Plaintiff alleges that his convictions and sentences amounted to double jeopardy, he was denied effective assistance of counsel, and the state court was prejudiced against him. Plaintiff seeks damages for the time he was incarcerated as a result of the illegal proceedings.

In an earlier proceeding in this Court, *Garey v. Ulibarri*, No. CV 08-0412 MCA/ACT, Plaintiff prosecuted a petition for writ of habeas corpus under 28 U.S.C. § 2254, attacking the same two state convictions. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation."). As noted in the Magistrate Judge's Proposed Findings and Recommended Disposition filed in the habeas corpus proceeding, "On December 15, 2004, the state district court judge entered a Stipulated Order Finding Reconsideration of Sentence Moot on the grounds that Garey had been discharged from the penitentiary and finalized his probation and parole in CR-99-410 and CR-01-[159]." *Garey v. Ulibarri*, No. CV 08-0412 MCA/ACT, Magistrate Judge's Proposed Findings and Recommended Disposition (D.N.M. Sept. 15, 2008). The District Judge adopted the recommended disposition and, because Plaintiff was not in custody when he filed his habeas petition, dismissed the habeas proceeding for lack of jurisdiction. In its order dismissing the appeal, the Court of Appeals for the Tenth Circuit also specifically noted the same 2004 state

2

court order regarding completion of Plaintiff's sentence and probation.  *See Garey v. Ulibarri,* No. 08-2285, 2009 WL 990524, at *1 (10th Cir. April 14, 2009).

Plaintiff's complaint is barred by the applicable statute of limitations.  The period of limitation for a § 1983 action is the appropriate state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), which in New Mexico is three years, *see* N.M. Stat. § 37-1-8 ([Michie] Repl. Pamp. 1990).

The three-year limitation period for a claim of illegal imprisonment begins to run when a defendant obtains a favorable result in the criminal proceeding.

> In summary, two claims arise from an allegedly unconstitutional imprisonment as analysis "shifts" from the Fourth Amendment to the Due Process Clause.  The period of time between an unlawful arrest and the institution of legal process forms one constitutional claim, arising under the Fourth Amendment. That claim accrues when the plaintiff is released or legal process is instituted justifying that imprisonment. The period of time between the institution of that process and its favorable termination--through acquittal, habeas corpus, voluntary dismissal, etc.-- forms a second claim, arising under the Due Process Clause. That claim accrues, at the earliest, when favorable termination occurs.

*Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004)).  Here, Plaintiff never achieved a favorable result in the state criminal proceedings and, therefore, does not have a claim.  Furthermore, "[b]ecause the statute of limitations does not start running before the elements of a claim are satisfied, the statute of limitations for this due process claim cannot start until the plaintiff has achieved a favorable result in the original action."  *Mondragon*, 519 F.3d at 1083.

When Plaintiff's allegedly illegal incarceration ended, at least five years ago in 2004, the possibility of a favorable result was precluded, as evidenced by the dismissal of his § 2254 habeas proceeding for lack of (custody) jurisdiction.  As a result, even assuming Plaintiff had a claim, the limitation period would have accrued no later than the last day of Plaintiff's incarceration or parole.

Plaintiff's claims are barred by the applicable three-year limitation period, and the Court will dismiss his complaint.

In Plaintiff's motion for injunction, he alleges that the correctional facility is intercepting and opening his legal mail. These new allegations are unrelated to the claims in Plaintiff's complaint, and the motion seeks relief against an entity that is not a party to this action. The motion will be denied without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for injunction (Doc. 16) is DENIED without prejudice to Plaintiff's right to pursue the relief sought in the motion in a separate action;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice as untimely filed, other pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE